IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARLENE HODGES, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-16-1079 |
| BON SECOURS HEALTH SYSTEM, INC., *et al.*, | * | |
| | * | |
| Defendants. | | |

| | | |
|---|---|---|
| CAROLYN MILLER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-16-1150 |
| BON SECOURS HEALTH SYSTEM, INC., *et al.*, | * | |
| | * | |
| Defendants. | | |

**MEMORANDUM ORDER**

Presently pending before this Court are two Motions to both Consolidate the above-caption cases and to Appoint Interim Lead Class Counsel in the consolidated case—one filed by Plaintiff Hodges (ECF No. 19 in *Hodges*, RDB-16-1079; ECF No. 20 in *Miller*, RDB-16-1150) and one filed by Plaintiff Miller (ECF No. 39 in *Hodges*, RDB-16-1079; ECF No. 41 in *Miller*, RDB-16-1150). There is no dispute regarding consolidation. Plaintiff Hodges, Plaintiff Miller, and Defendants all agree that the above-captioned actions should be consolidated. Accordingly, the pending Motions (ECF Nos. 19, 20, 39, and 41) are

1

GRANTED IN PART with respect to consolidation.  Pursuant to Rule 42(a) of the Federal

Rules of Civil Procedure, the above-captioned *Hodges*, RDB-16-1079 and *Miller*, RDB-16-

1150 cases shall be consolidated for all purposes under RDB-16-1079, with Arlene Hodges

and Carolyn Miller as the lead plaintiffs, individually and on behalf of themselves and all

others similarly situated.

There remains a dispute as to the appointment of interim lead class counsel.  Plaintiff

Hodges has moved that her counsel Cohen Milstein Sellers & Toll ("CMST") and Keller

Rohrback ("KR") be appointed as co-lead class counsel.  *See* Hodges Mot., ECF No. 19 in

*Hodges*, RDB-16-1079; ECF No. 20 in *Miller*, RDB-16-1150.  Plaintiff Miller has moved that

the law firms of Kessler Topaz Meltzer & Check, LLP ("KTMC") and Izard, Kindall &

Raabe LLP ("IKR") be appointed as co-lead class counsel and that Janet, Jenner & Suggs,

LLC ("Janet Jenner") be appointed as interim liaison class counsel.  *See Miller* Mot., ECF No.

39 in *Hodges*, RDB-16-1079; ECF No. 41 in *Miller*, RDB-16-1150.

"Prior to 2003, the suitability of class counsel was analyzed as a question of the

adequacy of the putative named plaintiff."  Steven S. Gesler, Federal Rules of Civil

Procedure, Rules and Commentary, 559 (2016).  However, "[t]he 2003 amendments create a

freestanding subdivision—Rule 23(g)—that now governs the selection and appointment of

class counsel." *Id.*  Under Rule 23(g)(4) of the Federal Rules of Civil Procedure, a court may

"designate interim class counsel to act on behalf of a putative class" where, as here, the

action has not yet been certified as a class action.  Fed. R. Civ. P. 23(g)(4) (2016).  Rule

23(g)(1) instructs courts to consider the following criteria in appointing class counsel:

> (i)  the work counsel has done in identifying or investigating potential
> claims in the action;

> (ii)     counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii)    counsel's knowledge of the applicable law; and
> (iv)    the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1) (2016).   Additionally, a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.*; *see also Sheinberg v. Sorensen*, 606 F.3d 130, 132-33 (3d Cir. 2010) (discussing Rule 23(g) selection criteria).

The present case involves complicated issues of first impression in this circuit concerning the types of employers, specifically healthcare organizations, that can claim the "Church Plan" exemption from the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, for their employee pension plans.   A series of cases raising this question have been filed in recent years, although only the United States Courts of Appeal for the Third and Seventh Circuits have ruled on this threshold statutory question, both holding that application of the "Church Plan" is limited to churches.   *See Stapleton v. Advocate Health Care Network*, 817 F.3d 517 (7th Cir. 2016); *Kaplan v. Saint Peter's Healthcare Sys.*, 810 F.3d 175 (3d Cir. 2015).

Plaintiff Hodges' counsel, Cohen Milstein Sellers & Toll ("CMST") and Keller Rohrback ("KR"), have the most experience litigating this complicated issue of statutory and constitutional interpretation.   They filed the first wave of these "Church Plan" cases from 2013 through 2014.   *See Rollins v. Dignity Health*, 19 F. Supp. 3d 909 (N.D. Cal. 2013); *Kaplan v. Saint Peter's Healthcare System*, No. 13-2941, 2014 WL 1284854 (D. N.J. Mar. 31, 2014); *Stapleton v. Advocate Health Care Network & Subsidiaries*, 76 F. Supp. 3d 796 (N.D. Ill. 2014). Hodges' counsel handled the appeals in those cases, prevailing on appeal in the Third and

Seventh circuits, mentioned *supra*, and are now defending those appellate decisions in opposing the petitions for a writ of certiorari to the United States Supreme Court that have recently been filed in both cases.

In contrast, Plaintiff Miller's counsel did not file any "Church Plan" cases until 2015. They filed the present case in 2016, only after the Third Circuit had issued its opinion in *Kaplan*, endorsing Plaintiff Hodges' counsel's interpretation of the ERISA statute. Miller's counsel have subsequently filed a series of "Church Plan" cases, but nearly all of them have been recently filed and are in the very preliminary stages of litigation. Plaintiff Miller's counsel have litigated a number of ERISA cases in the past, but virtually all of them involved investment in employer stock by ERISA 401(k) plans, actions involving very different issues than those raised in "Church Plan" cases.

Plaintiff Hodges' Complaint, filed by CMST and KR, alleges causes of action not raised in Plaintiff Miller's Complaint that provide more comprehensive protection for the Plaintiff and class. For example, the Hodges Complaint, but not the Miller Complaint, asserts in Count VIII that allowing Defendant Bon Secours to take advantage of the "Church Plan" exemption would violate the First Amendment's Establishment Clause. Additionally, the Hodges Complaint alleges that even if the plans at issue in this case qualified as "Church Plans" under ERISA Sections 3(33)A or 3(33)(C)(i), they are still unable to claim "Church Plan" status because the 22,000 plan participants do not work for an organization that is controlled by or associated with a church or convention or association of churches. The Miller Complaint does not allege that the plans fail to qualify as "Church Plans" under this alternative section of ERISA. *See* Hodges Compl. at ¶¶ 82-84, ECF No. 1.

Furthermore, Miller has failed to assert the claims for civil penalties raised in Counts II and VI of the Hodges Complaint.  For these reasons, Plaintiff Hodges' counsel, Cohen Milstein Sellers & Toll and Keller Rohrback, are more qualified to serve as interim lead class counsel in this action.

Defendants object to the appointment of more than one qualified law firm as co-lead counsel in this matter.  Plaintiff Hodges has indicated that both the law firms of Cohen Milstein Sellers & Toll and Keller Rohrback have been involved in "Church Plan" litigation for more than six years, have a deep understanding of the ERISA "Church Plan" litigation, and were involved in drafting the Hodges Complaint.  Hodges has not demonstrated that one law firm would be incapable of serving the members of this putative class alone. This is not a situation in which each law firm brings a complementary skill set to the litigation.  *See, e.g., Adedipe v. U.S. Bank, Nat. Ass'n*, No. CIV. 13-2687 JNE/JJK, 2014 WL 835174, at \*4 (D. Minn. March 4, 2014) (appointing two firms as co-lead counsel where firms offered complementary strengths). Nor is this a situation involving many consolidated actions and an excessive number of parties. *See, e.g., Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 360 (E.D. Mich. 2006) (appointing co-lead counsel because of the large number of parties in the action).  Defendants are correct that appointing a single law firm to serve as lead interim counsel in this case would be a more efficient action, saving resources and reducing scheduling burdens.  Therefore, the pending Motions (ECF Nos. 19, 20, 39, and 41) are DENIED IN PART as to the issue of appointment of lead interim class counsel.  Plaintiff Hodges has indicated that if her counsel were appointed as co-lead counsel, CMST would take the lead role in managing the case.  Accordingly, the law firm of Cohen Milstein Sellers

& Toll shall be appointed as sole lead interim class counsel in this now-consolidated putative

class action.   Additionally, as requested by Defendants, CMST shall file a consolidated

Amended Complaint.

<u>CONCLUSION</u>

For the reasons stated above, it is this 24th day of August, 2016, ORDERED that:

1. Plaintiff Hodges' Motion to Consolidate and to Appoint Interim Lead Class Counsel
   (ECF No. 19 in *Hodges*, RDB-16-1079; ECF No. 20 in *Miller*, RDB-16-1150) is
   GRANTED IN PART at to the issue of consolidation;

2. Plaintiff Miller's Motion to Consolidate and to Appoint Interim Lead Class Counsel
   (ECF No. 39 in *Hodges*, RDB-16-1079; ECF No. 41 in *Miller*, RDB-16-1150) is
   GRANTED IN PART as to the issue of consolidation;

3. The following actions are hereby consolidated pursuant to Fed. R. Civ. P. 42(a) for all
   purposes:

   a. *Hodges v. Bon Secours Health System, Inc. et al.*, RDB-16-1079

   b. *Miller v. Bon Secours Health System, Inc. et al.*, RDN-16-1150;

4. Plaintiff Hodges' Motion to Consolidate and to Appoint Interim Lead Class Counsel
   (ECF No. 19 in *Hodges*, RDB-16-1079; ECF No. 20 in *Miller*, RDB-16-1150) is
   DENIED IN PART as to the issue of appointment of lead interim class counsel;

5. Plaintiff Miller's Motion to Consolidate and to Appoint Interim Lead Class Counsel
   (ECF No. 39 in *Hodges*, RDB-16-1079; ECF No. 41 in *Miller*, RDB-16-1150) is
   DENIED IN PART as to the issue of appointment of lead interim class counsel;

6.  The law firm of Cohen Milstein Sellers & Toll shall be appointed as sole interim lead class counsel in this now-consolidated matter;

7.  Interim lead class counsel shall have the authority over the following matters on behalf of all Plaintiffs in this consolidated action:

    a.  Directing, coordinating, and supervising the prosecution of Plaintiffs' claims, including the drafting and filing of any amended class action, the briefing of any motion to dismiss by any Defendant(s), as well as any class certification motion, and any matters pertaining thereto;

    b.  Initiating and conducting discovery, including without limitation, coordinating discovery with Defendants' counsel, preparing written interrogatories, requests for admission, and requests for production of documents;

    c.  Directing and coordinating the examination of witnesses in depositions;

    d.  Retaining experts;

    e.  Communicating with the Court;

    f.  Communicating with counsel for Defendants

    g.  Conducting settlement negotiations; and

    h.  All other matters concerning the prosecution or resolution of this consolidated action;

8.  No motion shall be initiated or filed on behalf of any Plaintiff in this action except through interim lead class counsel;

9.  Service of pleadings and other papers by Defendants shall be made only upon Cohen Milstein Sellers & Toll who are authorized and directed to accept service on behalf of

all Plaintiffs in the consolidated action and any later action(s) that may be consolidated herewith;

10. Interim lead class counsel shall also have authority to communicate with counsel for Defendants and the Court on behalf of all Plaintiffs and the proposed Class. Defendants' counsel may rely on all agreements made with interim lead class counsel, and such agreements shall be binding;

11. Interim lead class counsel shall file a consolidated Amended Complaint; and

12. The Clerk of this Court transmit copies of this Memorandum Order to the parties and all counsel of record currently listed in the cases RDB-16-1079 and RDB-16-1150.

_____/s/_____
Richard D. Bennett
United States District Judge