# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| ANITA LANN, et al., | * | |
| Plaintiffs, | * | |
| | * | Case No. 14-CV-2237 (PJM) |
| v. | * | |
| | * | |
| TRINITY HEALTH CORPORATION, et al., | * | |
| Defendants. | * | |

## ORDER AND FINAL JUDGMENT

This litigation involves the claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, et seq., set forth in Plaintiffs' Class Action Complaints dated March 28, 2013 (*Chavies, et al. v. Catholic Health East, et al.*) and July 11, 2014 (*Lann, et al. v. Trinity Health Corp., et al.*) (collectively, the "Present Actions"), with respect to the defined benefit pension plans sponsored by Trinity Health Corporation ("Trinity Health") and Catholic Health East ("CHE") (collectively, the "Plans").[1] The Parties agreed upon the key terms of the settlement, memorialized in a Term Sheet executed on December 7, 2015 and filed in both actions on December 9, 2015. Trinity Dkt. # 68; CHE Dkt. # 81. The Parties finalized a Class Action Settlement Agreement on April 26, 2016, and moved to consolidate the CHE case with the Trinity case for purposes of settlement ("Settlement" or "Settlement Agreement"). On May 24, 2016, this Court granted the Parties'

---

[1] This Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Judgment as if set forth fully here.

2237707.1

motion to consolidate. Dkt. # 74. Pursuant to the Court's direction, on January 30, 2017, the parties filed a revised First Addendum to the Settlement Agreement in connection with their Motion for Preliminary Approval of the Class Action Settlement Agreement. Dkt. # 75.

The Court entered an Order Preliminarily Approving the Class Action Settlement Agreement ("Preliminary Approval Order"), Dkt. #101, dated February 6, 2017, preliminarily certifying the putative class in the Present Actions for settlement purposes, ordering a Class Notice to be mailed and published on the internet, scheduling a Fairness Hearing for May 31, 2017, at 2:00 p.m., and providing those persons with an opportunity to object to the proposed settlement.

This Court held a Fairness Hearing on May 31, 2017 at 2:00 p.m., to determine whether to give final approval to the proposed settlement.

Due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order, and the Court having considered the Settlement Agreement, all papers filed and proceedings held herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of this action and all Parties to the Present Actions, including all members of the Settlement Class.

2. The Settlement Class this Court previously certified preliminarily in its Preliminary Approval Order consists of:

> All who were participants (whether vested or non-vested) in or beneficiaries of the Plans identified in Schedule A of the Settlement Agreement, on or before the Effective Date of the Settlement.

3. The Court finds that the Settlement Class meets all requirements of Federal Rules of Civil Procedure 23(a) for certification of the class claims alleged in the Complaints, including: (a) numerosity; (b) commonality; (c) typicality; and (d) adequacy of the class representatives and Class Counsel.

2237707.1

4. Additionally, the prerequisites of Rule 23(b)(1) have been satisfied, since the prosecution of separate actions by individual members of the Settlement Class would create a risk of (i) inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants; and (ii) adjudications with respect to individual Settlement Class members, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

5. Furthermore, the prerequisites of Rule 23(b)(2) have been satisfied, since Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole.

6. The Settlement Class is hereby finally certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) and (b)(2).

7. Pursuant to Federal Rule of Civil Procedure 23(a), the Court finds that Plaintiffs Anita Lann, Jean Atcherson, Albert R. Chavies and Thomas Holland are members of the Settlement Class, their claims are typical of those of the Settlement Class and they fairly and adequately protected the interests of the Settlement Class throughout the proceedings in the Present Actions. Accordingly, the Court hereby appoints as Class Representatives Anita Lann, Jean Atcherson, Albert R. Chavies and Thomas Holland.

8. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement, and thus, hereby appoints Cohen Milstein Sellers & Toll PLLC and Keller Rohrback L.L.P. as Class Counsel to represent the members of the Settlement Class.

9. The appointment of Class Counsel and the appointment of the Plaintiffs as Class Representatives is fully and finally confirmed.

3

2237707.1

10. Class Counsel is hereby awarded attorneys' fees pursuant to Federal Rule of Civil Procedure 23(h), in the amount of $ $7,621,179.72 , which the Court finds to be fair and reasonable, and $ 213,845.28 in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the Present Actions. The attorneys' fees and expenses so awarded shall be paid from the $7,885,025.00 fund for Class Counsel pursuant to the terms of the Settlement Agreement. All fees and expenses paid to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement.

11. Class Counsel has moved for a $10,000 Incentive Fee for each of the Named *Class Member* Plaintiffs, Anita Lann, Jean Atcherson, Albert R. Chavies and Thomas Holland, and ~~Plaintiff~~ Mary Beth Henrick. Defendants take no position on the award of an Incentive Fee for each of these Plaintiffs. The Court hereby [grants in the amount of $ 10,000 @ ] [~~denies~~] Class Counsel's motion for an award of an Incentive Fee for each of the Plaintiffs. The Incentive Fee awards shall be paid from the $7,885,025.00 fund for Class Counsel pursuant to the Settlement Agreement. This amount shall be paid pursuant to the timing requirements described in the Settlement Agreement.

12. The Court directed that Class Notice be given pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-appointed notice program: (1) on March 20, 2017, Class Counsel posted the Settlement Agreement and Class Notice to the Settlement website: www.cohenmilstein.com/update/trinity-che-settlement; and (2) on March 17, 2017, the Settlement Administrator, Rust Consulting, mailed approximately 253,000 copies the Notice of Class Action Settlement to members of the Settlement Class.

13. The Class Notice and Internet/Publication of Class Notice (collectively, the "Class Notices") advised members of the Settlement Class of the: terms of the Settlement; Fairness Hearing and the right to appear at such Fairness Hearing; inability to opt out of the Settlement Class; right to object to the Settlement, including the right to object to the Settlement or the application for an award of attorneys' fees and reimbursement of expenses, or the

4

2237707.1

Incentive Fees to Anita Lann, Jean Atcherson, Albert R. Chavies and Thomas Holland as Class Representatives and to ~~Plaintiff~~ Class Member Mary Beth Henrick; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Settlement Class, including the scope of the Released Claims described in § 4 of the Settlement Agreement, the Settlement Agreement's First Addendum, and Schedule D attached thereto.

14. The Class Notices met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, 28 U.S.C. § 1715, and any other applicable law. The Court further finds that Notice in the form approved by the Court complied fully with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, and that it constituted the best practicable notice under the circumstances. The Court further finds that the form of notice was concise, clear, and in plain, easily understood language, and was reasonably calculated under the circumstances to apprise of the pendency of the Present Actions, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, the right to object to the proposed Settlement, the right to appear at the Fairness Hearing, through counsel if desired, and the binding effect of a judgment on members of the Settlement Class, including the scope of the Released Claims described in § 4 of the Settlement Agreement, the Settlement Agreement's First Addendum, and Schedule D attached thereto.

15. The Court finds after the Fairness Hearing, and based upon all submissions of the Parties and interested persons, that the Parties' proposed Settlement is fair, reasonable, and adequate. The Court also finds that the proposed Settlement is consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution, and other applicable law. In so finding, the Court has considered and found that:

    a) The Settlement provides for significant monetary contributions to the Plans as well as administrative provisions which will enhance the retirement security of the members of the Settlement Class by providing features that are comparable to certain key ERISA provisions.

5

2237707.1

b) The terms and provisions of the Settlement were entered into by experienced counsel and only after extensive, arm's-length negotiations conducted in good faith and with the assistance of an experienced third party mediator, Mr. Robert Meyer, Esq. The Settlement is not the result of collusion.

c) The negotiations were preceded by robust motion practice at the motion to dismiss stage, including three separate motions to dismiss in the two actions, oral argument and the Court's ruling on one of the Motions; fact and expert discovery, including the production of over 10,000 pages of documents during formal and informal discovery, 18 expert, fact and 30(b)(6) depositions, and the propounding of multiple requests for production of documents, interrogatories and requests for admission; the exchange of multiple expert and rebuttal reports; and preparation of *Daubert* challenges and briefing on summary judgment. The Parties also prepared confidential mediation statements, exchanged multiple proposals and counter-proposals concerning the Settlement, and participated in multiple hearings before the Court to finalize the terms of the Settlement Agreement.

d) The procedural posture of the Present Actions at the time the Term Sheet was signed informed the Parties of strengths and weaknesses of theses cases, including (1) the possibility that the Third Circuit could rule against Plaintiffs on the threshold statutory question at issue; (2) the CHE district court's order to allow discovery on whether CHE is a church, and this Court's granting in part Defendants' Motion to Dismiss; (3) and the Parties' ongoing investigation and fact discovery. The Settlement is therefore structured in a way that adequately accounts for those strengths and weaknesses. Class Counsel was cognizant that there was no guarantee of success in this case.

e) Approval of the Settlement will result in substantial savings of time, money and effort for the Court and the Parties, and will further the interests of justice. Defendants denied and continue to deny Plaintiffs' claims and allegations, and raised

2237707.1

various factual and legal arguments in support of their vigorous defense in the Present Actions.

16. All members of the Settlement Class are bound by this Judgment and by the terms of the Settlement, including the scope of the Released Claims described in § 4 of the Settlement, the Settlement Agreement's First Addendum, and Schedule D attached thereto.

17. This Settlement, this Judgment, and/or the fact of Settlement do not constitute an admission by any of the Parties of any liability, wrongdoing, or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Present Actions. If the Settlement Agreement is not upheld on appeal, or is otherwise terminated for any reason, the Settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission by an party of any fact, matter, or position of law; all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

18. The Court hereby dismisses with prejudice the Present Actions and all Released Claims identified in § 4 of the Settlement Agreement, the Settlement Agreement's First Addendum, and Schedule D attached thereto, against each and all Released Parties and without costs to any of the Parties as against the others.

19. "Releasees" shall mean Trinity Health, all entities that are considered to be a single employer with Trinity Health under Internal Revenue Code 414, 26 U.S.C. § 414, their employees, agents, and directors, including the individual defendants.

20. "Released Claims" shall mean any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses and costs arising out of the allegations of the Complaints that were brought or could have been brought as of the date of the Settlement Agreement by any member of the Settlement Class, including any current or prospective challenge to the "Church Plan" status of the Plans. In connection with the Released Claims, as of the Effective Date of the Settlement Agreement, Plaintiffs, on behalf of themselves

2237707.1

and on behalf of the Settlement Class, expressly waive and relinquish, to the fullest extent permitted by law and equity, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

21. Released Claims shall not include: (i) any rights or duties arising out of the Settlement Agreement, including the express warranties and covenants in the Settlement Agreement; (ii) claims for relief under state law pursuant to the terms of the Plans' documents, including but not limited to individual claims for benefits; and (iii) any claim arising under ERISA with respect to any event occurring after a decision by the United States Supreme Court holding either that (a) Church Plans must be established by a church or convention or association of churches or (b) that the Church Plan exemption is unconstitutional; the Internal Revenue Service issues a written ruling that the Plans do not qualify as Church Plans; the Roman Catholic Church dissociates itself from Trinity Health Corporation; or an amendment to ERISA is enacted and becomes effective as a law of the United States eliminating the Church Plan exception.

22. It is further ordered that as of the Effective Date of the Settlement Agreement Plaintiffs on behalf of themselves and on behalf of the Settlement Class absolutely and unconditionally release and forever discharge the Releasees [Defendants] from any and all Released Claims that the Plaintiffs or the Settlement Class have. The Settlement Class covenants and agrees: (i) not to file against any of the Releasees [Defendants] any claim based on, related to, or arising from any Released Claim; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claim against any Releasee.

23. It is further ordered that as of the Effective Date of the Settlement Agreement, Defendants absolutely and unconditionally release and forever discharge the Plaintiffs, the Settlement Class, and Class Counsel from any and all claims relating to the institution or prosecution of the Present Actions.

8

2237707.1

24. It is further ordered that as of the Effective Date of the Settlement Agreement, each of the Releasees also releases each of the other Releasees from any and all Claims which were asserted in the Complaints or any pleading which would have been required to be filed in the Present Actions or that would be barred by principles of res judicata or collateral estoppel had the claims asserted in the Complaints or any such other pleading in the Present Actions been fully litigated and resulted in final judgment or order.

25. The Court retains jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

26. The Court finds that no reason exists for delay in ordering final judgment, and the Clerk is hereby directed to enter this Judgment forthwith.

DATED this 31st day of May, 2017.

_____
Peter J. Messitte
UNITED STATES DISTRICT JUDGE

9

2237707.1