# Exhibit D

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA GRIFFITH and JEANETTE WENZL, on behalf of themselves, individually, and on behalf of the Providence Health & Services Cash Balance Retirement Plan,<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENCE HEALTH & SERVICES; RETIREMENT PLANS COMMITTEE; ELLEN WOLF; JOHN and JANE DOES 1-20, inclusive, MEMBERS OF THE RETIREMENT PLANS COMMITTEE; JOHN or JANE DOE 21, PLAN DIRECTOR; HUMAN RESOURCES COMMITTEE OF THE BOARD OF DIRECTORS; JOHN and JANE DOES 22-40, inclusive, MEMBERS OF THE HUMAN RESOURCES COMMITTEE OF THE BOARD OF DIRECTORS; ROD HOCHMAN; BOARD OF DIRECTORS OF PROVIDENCE HEALTH & SERVICES; MICHAEL HOLCOMB; CHAUNCEY BOYLE; ISIAAH CRAWFORD; MARTHA DIAZ ASZKENAZY; PHYLLIS HUGHES; SALLYE LINER; KIRBY McDONALD; DAVE OLSEN; AL PARRISH; CAROLINA REYES; PETER J. SNOW; MICHAEL A. STEIN; CHARLES WATTS; BOB WILSON; JOHN and JANE DOES 41-50, inclusive,<br><br>Defendants. | CASE NO. C14-1720-JCC<br><br>ORDER FINALLY APPROVING CLASS SETTLEMENT |

1   This litigation involves the claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §§ 1001, *et seq*., set forth in Plaintiffs' class action complaint dated November 7, 2014, with respect to the Providence Health & Services Cash Balance Retirement Plan (the Plan).[1] The parties entered into a class action settlement agreement dated October 20, 2016 (the Settlement).

On December 6, 2016, the Court entered an order preliminarily approving the class action settlement agreement, preliminarily certifying the putative class in this action for settlement purposes, ordering a class notice to be mailed and published on the internet, scheduling a fairness hearing (the Hearing) for March 21, 2017 at 9:00 a.m., and providing those persons with an opportunity to object to the Settlement. (*See* Dkt. No. 52.)

This Court held the Hearing on March 21, 2017 at 9:00 a.m. to determine whether to give final approval to the Settlement. Due and adequate notice having been given to the settlement class (the Class) as required, and the Court having considered the Settlement, all objections thereto, all papers filed and proceedings held, and good cause appearing therefore, hereby ORDERS and FINDS as follows:

1.   The Court has jurisdiction over the subject matter of this action and all parties to the action, including all members of the Class.

2.   The Class preliminarily certified by this Court consists of:

All Persons who are or were participants, whether vested or non-vested, in the Plan on or after January 1, 2008, and their beneficiaries.

3.   The Class meets all requirements of Federal Rule of Civil Procedure 23(a) for certification of the class claims alleged in the complaint, including: (a) numerosity; (b) commonality; (c) typicality; and (d) adequacy of the class representatives and class counsel.

---

[1] This order and the accompanying judgment incorporate by reference the definitions in the Settlement, and all terms used herein shall have the same meanings as set forth in the Settlement unless set forth differently herein. The Settlement's terms are fully incorporated in this order and the accompanying judgment as if set forth fully here.

ORDER FINALLY APPROVING CLASS
SETTLEMENT
C14-1720-JCC - 2

4. The prerequisites of Rule 23(b)(1) have been satisfied, because the prosecution of separate actions by individual members of the Class would create a risk of (i) inconsistent or varying adjudication that would establish incompatible standards of conduct for Defendants and (ii) adjudications with respect to individual Class members, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

5. The prerequisites of Rule 23(b)(2) have been satisfied, because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

6. The Class is finally certified for settlement purposes under Rule 23(b)(1) and (b)(2).

7. Pursuant to Rule 23(a), Plaintiffs Linda Griffith and Jeanette Wenzl are members of the Class, their claims are typical of those of the Class, and they fairly and adequately protected the interests of the Class throughout these proceedings. Accordingly, Griffith and Wenzl are appointed as Class Representatives.

8. Pursuant to Rule 23(g)(1), counsel have fairly and adequately represented the Class for purposes of entering into and implementing the Settlement. Thus, Keller Rohrback L.L.P. and Cohen Milstein Sellers & Toll, PLLC are appointed as Class Counsel to represent the members of the Class.

9. The appointment of Class Counsel and the appointment of Griffith and Wenzl as Class Representatives are fully and finally confirmed.

10. Class Counsel is hereby awarded attorney fees pursuant to Rule 23(h), in the fair and reasonable amount of $6,425,877.27, as well as $54,122.73 in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting this action. The attorney fees and expenses so awarded shall be paid from the $6,500,000.00 fund for Class Counsel pursuant to the terms of the Settlement. All fees and expenses paid to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement.

ORDER FINALLY APPROVING CLASS
SETTLEMENT
C14-1720-JCC - 3

11.     Class Counsel has moved for a $10,000.00 incentive fee for each of the Class Representatives.  Defendants take no position on the award of an incentive fee. The motion is granted and the Class Representatives are each awarded an incentive fee of $10,000.00. The incentive fee awards shall be paid from the $6,500,000.00 fund for Class Counsel pursuant to the Settlement.  This amount shall be paid pursuant to the timing requirements described in the Settlement.

12.     Class notice (the Notice) was given, pursuant to the program proposed by the parties and approved by the Court, as follows: (1) on January 20, 2017, Class Counsel posted the Settlement and the Notice to the Settlement websites, www.kellersettlements.com and www.cohenmilstein.com/providence-settlement; and (2) on January 19, 2017, the Settlement administrator, Rust Consulting, mailed approximately 75,505 copies of the Notice to the Class members.

13.     The Notice and its publication advised members of the Class of: (1) the Settlement's terms; (2) the Hearing and the right to appear at it; (3) the inability to opt out of the Class; (4) the right to object to the Settlement, including the right to object to the requested attorney fee award, reimbursement of expenses, or incentive fees; (5) the procedures for exercising such rights; and (6) the binding effect of this order and the accompanying judgment, whether favorable or unfavorable, to the Class, including the scope of the released claims described in § 4.1 of the Settlement.

14.     The Notice met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, and any other applicable law. The Notice complied fully with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 and constituted the best practicable notice under the circumstances. The form of notice was concise, clear, and in plain, easily understood language, and was reasonably calculated under the circumstances to apprise of the pendency of the action; the claims, issues and defenses of the Class; the definition of the certified Class; the right to object to the Settlement; the right to appear at the Hearing, through counsel if desired; and the binding effect of a judgment on

ORDER FINALLY APPROVING CLASS
SETTLEMENT
C14-1720-JCC - 4

1  members of the Class, including the scope of the released claims described in § 4.1 of the
2  Settlement.

3     15.     The objection by Interested Party Karen Marceaux (Dkt. No. 61) is overruled.
4  Marceaux stated simply that she "object[ed] to the fairness and reasonableness of the
5  settlement." Without further elaboration, this objection does not provide a basis for denying
6  settlement approval. *See Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir.
7  1982) ("[O]bjections without substance and which are frivolous require only a statement on the
8  record of the reasons for so considering the objection.").

9     16.     The objection by Interested Party Patrick Petersen (Dkt. No. 62) is overruled.
10 Petersen argues that "Group I" of the Class should be divided into two separate groups:
11 (1) beneficiaries who retired before Providence froze and amended the Plan in late 2009 and thus
12 did not have their accrued benefits reduced, and (2) beneficiaries who continued to work at
13 Providence after 2009 and thus had their benefits reduced during the freeze and subsequent Plan
14 amendment. However, Petersen's claim that Providence illegally reduced benefits would have
15 little chance of success under either state law or ERISA. First, in Sections 15.2 and 15.3 of the
16 Plan, Providence reserved the right to amend or terminate the Plan at any time. Second, ERISA
17 allows a Plan sponsor to change the rate at which future benefits accrue if proper notice is given,
18 which occurred here. *See* 29 U.S.C. § 1054(h)(2). Finally, to the extent Petersen argues
19 Providence breached its fiduciary duty by changing the Plan, the law treats such actions as
20 "settlor" functions that are exempt from fiduciary requirements. *See Lockheed Corp. v. Spink*,
21 517 U.S. 882, 890 (1996). Accordingly, the guarantees of the Settlement are more protective of
22 Class members than the unlikely probability of challenging the Plan freeze and amendments.

23     17.     The objection by Interested Party Tamara Towers Parry (Dkt. No. 63) is
24 overruled. Parry argues that, if the Settlement is approved, Providence will continue to operate
25 under the "church plan" exemption and leave its employees unprotected. The Settlement does not
26 establish whether the Plan is a "church plan." The Settlement provides important protections to
27 Class members: it contains carve-outs so Class members' claims are not released if the Internal

ORDER FINALLY APPROVING CLASS
SETTLEMENT
C14-1720-JCC - 5

1  Revenue Service later determines that the Plan is not a "church plan," and it explicitly preserves
2  Class members' right to bring state claims for benefits. Moreover, three circuit courts—including
3  the Ninth Circuit—have held that a "church plan" must be established by a church, not a
4  hospital; this issue is currently pending before the United States Supreme Court. *See Advocate*
5  *Health Care Network v. Stapleton,* No. 16-74; *Saint Peter's Healthcare Sys. v. Kaplan,* No. 16-
6  86; *Dignity Health v. Rollins,* No. 16-258 (cert. granted Dec. 2, 2016). To the extent Parry
7  objects to Providence's treatment of health plans, the Settlement does not impact such plans.
8  Ultimately, the Settlement provides fair, adequate, and reasonable protection to Class members,
9  particularly in light of the uncertainty posed by the pending Supreme Court decision.

10       18.     Having considered the Settlement, the objections thereto, the parties' briefing, and
11 the relevant record, the Court concludes that the Settlement is fair, reasonable, and adequate. The
12 Settlement is consistent with and in compliance with all applicable requirements of the Federal
13 Rules of Civil Procedure, the United States Code, the United States Constitution, and other
14 applicable law. In so concluding, the Court has considered and found that:

15       a)     The Settlement provides for significant monetary contributions to the Plan
16     as well as Plan administrative provisions which will enhance the retirement security of
17     the Class members by providing features that are comparable to certain key ERISA
18     provisions.

19       b)     The terms and provisions of the Settlement were entered into by
20     experienced counsel and only after extensive, arm's-length negotiations conducted in
21     good faith and with the assistance of an experienced third party mediator, Robert Meyer,
22     Esq. The Settlement is not the result of collusion.

23       c)     The negotiations were preceded by robust motion practice at the motion to
24     dismiss stage; the production of thousands of pages of documents during informal
25     discovery and as part of the mediation process; and decisions on the statutory issues in
26     this case from three Circuit Courts of Appeals. The parties prepared confidential
27     mediation statements and exchanged multiple proposals and counter-proposals

ORDER FINALLY APPROVING CLASS
SETTLEMENT
C14-1720-JCC - 6

concerning the Settlement. The absence of formal discovery in this case in no way undermines the integrity of the Settlement given the extensive investigation that has occurred as a result of proceedings thus far.

    d) The documents gave counsel the opportunity to adequately assess this case's strengths and weaknesses—and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses. Class Counsel was cognizant that there was no guarantee of success in this case.

    e) Approval of the Settlement will result in substantial savings of time, money, and effort for the Court and the parties, and will further the interests of justice. Defendants denied, and continue to deny, Plaintiffs' claims and allegations, and they raised various factual and legal arguments in support of their vigorous defense in this action.

19. All members of the Class are bound by this order and the accompanying judgment and by the terms of the Settlement, including the scope of the released claims described in § 4.1 of the Settlement.

20. The Settlement, this order and the accompanying judgment, and/or the fact of Settlement do not constitute an admission by any of the parties of any liability, wrongdoing, or violation of law; damages or lack thereof; or the validity or invalidity of any claim or defense asserted in the action. If the Settlement is not upheld on appeal, or is otherwise terminated for any reason, the Settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission by a party of any fact, matter, or position of law. All parties shall stand in the same procedural position as if the Settlement had not been negotiated, made, or filed with the Court.

21. The Court dismisses with prejudice the action and all released claims identified in § 4.1 of the Settlement against each and all released parties and without costs to any of the parties as against the others.

ORDER FINALLY APPROVING CLASS
SETTLEMENT
C14-1720-JCC - 7

22. "Releasees" shall mean Providence, all entities that are considered to be a single employer with Providence under Internal Revenue Code 414, 26 U.S.C. § 414, their employees, agents, and directors, including the individual Defendants.

23. "Released claims" shall mean any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorney fees, expenses, and costs arising out of the complaint's allegations that were brought or could have been brought as of the date of the Settlement by any Class member, including any current or prospective challenge to the "church plan" status of the Plan. In connection with the released claims, as of the effective date of the Settlement, Plaintiffs, on behalf of themselves and on behalf of the Class, expressly waive and relinquish, to the fullest extent permitted by law and equity, the provisions, rights, and benefits of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

24. Released claims shall not include: (i) any rights or duties arising out of the Settlement, including the express warranties and covenants in the Settlement; (ii) claims for relief under state law under the Plan's documents, including but not limited to individual claims for benefits; (iii) claims related to any other plan that is merged, adopted, or consolidated into the Plan after the execution date of the Settlement and before the effective date; and (iv) any claim arising under ERISA with respect to any event occurring after the Internal Revenue Service issues a written ruling that the Plan does not qualify as a "church plan," the Plan sponsor elects to be governed by ERISA, a court of law issues a definitive ruling that the Plan is not a "church plan," or an amendment to ERISA is enacted and becomes effective as a law of the United States eliminating the "church plan" exception.

25. As of the Settlement's effective date, Plaintiffs on behalf of themselves and on behalf of the Class absolutely and unconditionally release and forever discharge the releasees from any and all released claims that Plaintiffs or the Class have. The Class covenants and

ORDER FINALLY APPROVING CLASS
SETTLEMENT
C14-1720-JCC - 8

agrees: (i) not to file against any of the releasees any claim based on, related to, or arising from any released claim; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claim against any releasee.

26. As of the Settlement's effective date, Defendants absolutely and unconditionally release and forever discharge Plaintiffs, the Class, and Class Counsel from any and all claims relating to the institution or prosecution of the action.

27. As of the Settlement's effective date, each of the releasees also releases each of the other releasees from any and all claims which were asserted in the complaint or any pleading which would have been required to be filed in the action or that would be barred by principles of res judicata or collateral estoppel had the claims asserted in the complaint or any such other pleading in the action been fully litigated and resulted in a final judgment or order.

28. The Court retains jurisdiction over the implementation, administration, and enforcement of this order and the accompanying judgment, the Settlement, and all matters ancillary thereto.

29. No reason exists for delay in ordering final judgment, and the Clerk is hereby directed to enter judgment forthwith.

DATED this 21st day of March 2017.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER FINALLY APPROVING CLASS
SETTLEMENT
C14-1720-JCC - 9

# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| LINDA GRIFFITH and JEANETTE WENZL, on behalf of themselves, individually, and on behalf of the Providence Health & Services Cash Balance Retirement Plan,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>PROVIDENCE HEALTH & SERVICES, *et al.*,<br><br>　　　　　　Defendants. | **JUDGMENT IN A CIVIL CASE**<br><br>CASE NO. C14-1720-JCC |

\_\_	**Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

\_X\_	**Decision by Court**. This action came to consideration before the Court. The issues have been considered and a decision has been rendered.

THE COURT HAS ORDERED THAT:
The Class Settlement is approved and fees are awarded as provided in the Court's Order Finally Approving Class Settlement (Dkt. No. 69). The Clerk is directed to CLOSE this case.

DATED this 21st day of March 2017.

　　　　　　　　　　　　　　　　　　　　　　WILLIAM M. MCCOOL
　　　　　　　　　　　　　　　　　　　　　　Clerk of Court

　　　　　　　　　　　　　　　　　　　　　　 /s/ *Paula McNabb*
　　　　　　　　　　　　　　　　　　　　　　Deputy Clerk