# Exhibit E

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARILYN OVERALL, on behalf of herself, individually, and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>ASCENSION HEALTH, et al.<br><br>      Defendants. | Civil No. 13-cv-11396-AC-LJM<br><br>Hon. Avern Cohn |

## ORDER AND FINAL JUDGMENT

Thus case involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, et seq., set forth in Plaintiff's Class Action Complaint dated March 28, 2013 (Doc. 1), with respect to the Ascension Plans.[1]

This matter came before the Court for a hearing pursuant to Federal Rule of Civil Procedure 23(e) and the Order of this Court preliminarily approving the settlement dated May 11, 2015 (Doc. 88) and on the application of the Parties for final approval of the Settlement set forth in the Class Action Settlement Agreement, executed on May 7, 2015, on behalf of the Parties. (Doc. 96). Due and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered the Settlement Agreement, all papers filed

---

[1] This Judgment incorporates by reference the definitions in the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement"), and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Judgment as if set forth fully here.

1

and proceedings held herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all members of the Settlement Class.

2. On May 11, 2015, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(1) or alternatively (b)(2), the Court preliminarily certified the following Settlement Class:

> All participants in or beneficiaries of any of the defined benefit pension plans maintained, sponsored, or claimed by Ascension as Church Plans, including but not limited to: Ascension Health Pension Plan, Borgess Health Alliance Pension Plan, Carondelet Health Pension Plan, Catholic Health Partners Pension Plan, Columbia Hospital Retirement Plan, St. John Health Pension Plan, St. Joseph Health System Pension Plan, St. Joseph Regional Medical Center Pension Plan, St. Mary's Healthcare Pension Plan, Genesys Regional Medical Center Retirement Plan, Via Christi Health Cash Balance Plan, Alexian Brothers Health System Basic Pension Plan, Alexian Brothers of San Jose, Inc. Bargaining Unit Pension Plan, Affinity Health System Retirement Plan, St. John Health System Employee Retirement Plan, and Ministry Health Care Employee Retirement Plan (collectively, the "Plan" or "Plans") on or before the Effective Date of Settlement (the "Class Period).

3. The Court finds that the Settlement Class meets all requirements of Federal Rules of Civil Procedure 23(a) for certification of the class claims alleged in the Complaint, including (a) numerosity; (b) commonality; (c) typicality; and (d) adequacy of the class representative and Class Counsel.

4. Additionally, the prerequisites of Rule 23(b)(1) have been satisfied, since the prosecution of separate actions by individual members of the Settlement Class would create a risk of (i) inconsistent or varying adjudication which would

2

establish incompatible standards of conduct for Defendants; and (ii) adjudications with respect to individual Settlement Class members, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

5. Alternatively, the prerequisites of Rule 23(b)(2) have been satisfied, since Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole.

6. Pursuant to Federal Rule of Civil Procedure 23(a) the Court finds that Plaintiff Marilyn Overall is a member of the Settlement Class, her claims are typical of those of the Settlement Class and she fairly and adequately protected the interests of the Settlement Class throughout the proceedings in this Action. Accordingly, the Court hereby appoints Marilyn Overall as class representative.

7. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement, and thus, hereby appoints Keller Rohrback L.L.P., Cohen Milstein Sellers & Toll, PLLC, and Stephen F. Wasinger PLC as Class Counsel to represent the members of the Settlement Class.

8. Class Counsel has moved for attorneys' fees (Doc. 97) pursuant to Federal Rule of Civil Procedure 23(h), in the amount of $2,000,000. The motion is GRANTED. The Court finds the amount to be fair and reasonable. Class Counsel has also moved for an award of expenses. (Doc. 97). The motion is GRANTED.

Class Counsel is awarded $51,053.92 in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the Action. The attorneys' fees and expenses so awarded shall be paid from the $2 million payment to Class Counsel pursuant to the terms of the Settlement Agreement. All fees and expenses paid to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement.

9. Class Counsel has moved for a $15,000 Incentive Fee for Plaintiff Marilyn Overall (Doc. 97). Defendants oppose the award of any Incentive Fee. The motion is GRANTED. Plaintiff Marilyn Overall is awarded $15,000 as an Incentive Fee.

10. The Court directed that Class Notice be given pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-appointed notice program: (1) On or about July 15, 2015, Class Counsel posted the Settlement Agreement and Class Notice to the Settlement website: www.kellersettlements.com; and (2) On or about July 17, 2015, Ascension Health Alliance mailed approximately 149,034 copies of the Notice of Class Action Settlement to members of the Settlement Class.

11. The Class Notice and Internet/Publication of Class Notice (collectively, the "Class Notices") advised members of the Settlement Class of the: terms of the Settlement: Final Fairness Hearing and the right to appear at such Final Fairness Hearing; inability to opt out of the Settlement Class; right to object to the Settlement, including the right to object to the Settlement or the application for an award of attorneys' fees and reimbursement of expenses, or the Incentive

4

Fee to Marilyn Overall, as class representative; and the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Settlement Class, including the scope of the Released Claims described in paragraph 4 of the Settlement Agreement.

12. The Class Notices met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, 28 U.S.C. § 1715, and any other applicable law. The Court further finds that Notice in the form approved by the Court complied fully with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and that it constituted the best practicable notice under the Final circumstances. The Court further finds that the form of notice was concise, clear, and in plain, easily understood language, and was reasonably calculated under the circumstances to apprise of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, the right to object to the proposed Settlement, the right to appear at the Final Fairness Hearing, through counsel if desired, and the binding effect of a judgment on members of the Settlement Class, including the scope of the Released Claims described in paragraph 4 of the Settlement Agreement.

13. The Court finds after a hearing and based upon all submissions of the Parties and interested persons that the Parties' proposed Settlement is fair, reasonable, and adequate. The Court also finds that the proposed Settlement is consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States

5

Constitution, and other applicable law. In so finding, the Court has considered and found that:

      a)      The Settlement provides for significant Plan administrative provisions which will enhance the retirement security of the members of the Settlement Class—in essence mimicking certain key ERISA provisions for the time period commencing on January 1, 2015 and expiring on June 30, 2022. Additionally, the Settlement provides for a monetary contribution to the Plans.

      b)      The terms and provisions of the Settlement were entered into by experienced counsel and only after extensive, arm's-length negotiations conducted for well over six months in good faith and with the assistance of a circuit mediator from the Office of the Circuit Mediators for the Sixth Circuit Court of Appeals ("Circuit mediator" or "mediator"). The Settlement is not the result of collusion.

      c)      Those negotiations followed robust motion practice, including in support of their motion to dismiss, Defendants' submission of hundreds of pages of documents, all of which Class Counsel reviewed, and which Class Counsel moved to strike as being not subject to judicial notice. Class Counsel also responded to a motion to dismiss, responded to one amicus brief supporting Defendants at the district court level, filed their opening and reply briefs with the Sixth Circuit, and responded to four amicus briefs supporting Defendants at the appellate level. The absence of formal discovery in this case in no way undermines the integrity of the settlement given the extensive investigation that has occurred as a result of proceedings thus far.

      d)      Those proceedings gave counsel opportunity to adequately assess this case's strengths and weaknesses – and thus to structure the

6

Settlement in a way that adequately accounts for those strengths and weaknesses. Class Counsel were cognizant that there was no guarantee of success in their appeal to the Sixth Circuit Court of Appeals of this Court's dismissal of the case.

      e)      Approval of the Settlement will result in substantial savings of time, money and effort for the Court and the Parties, and will further the interests of justice. Defendants denied and continue to deny Plaintiff's claims and allegations against it, raised various factual and legal arguments in support of its vigorous defense in this Action, and this Court granted Defendants' Motion to Dismiss and entered judgment dismissing the action with prejudice.

14.    All members of the Settlement Class are bound by this Judgment and by the terms of the Settlement, including the scope of the Released Claims described in paragraph 4 of the Settlement.

15.    None of the Settlement, this Judgment, nor the fact of the Settlement constitutes any admission by any of the Parties of any liability, wrongdoing or violating of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Action. If the Settlement Agreement is not upheld on appeal, or is otherwise terminated for any reason, the Settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission by an party of any fact, matter, or position of law; all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

  16. The Court hereby dismisses with prejudice the action and all Released Claims identified in paragraph 4 of the Settlement against each and all Released Persons and without costs to any of the Parties as against the others. The Court hereby orders that on the Effective Date of this Settlement Agreement the Plaintiff, Marilyn Overall, as well as the members of the Settlement Class, release all claims and causes of action asserted against Defendants in the Complaint filed by Plaintiff in this Action, and any claims, causes of action damages, demands, rights, and liabilities of any kind or nature whatsoever, asserted or not, threatened or not, alleged or not, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or fixed, at law or in equity that arise out of or relate in any way to the facts alleged in the Action, and which have been or could have been asserted in the Action or another forum by Plaintiff or members of the Settlement Class against any of the Releasees: the Defendants, the Plans, any Person who served as a trustee, investment manager, service provider, record-keeper, or named or functional fiduciary (including de facto fiduciaries) of the Plans, together with, for each of the foregoing, any and all predecessors, Successors-In-Interest, affiliates, associates, present and former Representatives, direct or indirect parents and subsidiaries, all counsel and any Person that controls, is controlled by, or is under common control with any of the foregoing, including, without limitation, every person who was a director, officer, governor, management committee member, in-house counsel, employee, or agent of Ascension Health, Ascension Health Alliance, Catholic Health Investment Management Company, and their subsidiaries and affiliates, together with, for each of the forgoing, any and all present or former Representatives, insurers, reinsurers, consultants, attorneys,

administrators, employee benefit plans, investment advisors, investment underwriters, and spouses.

17. It is further ordered that as of the Effective Date of this Settlement Agreement all members of the Settlement Class, release any and all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses and costs arising out of the allegations of the Complaint that were brought or could have been brought as of the date of the Settlement Agreement, including any current or prospective challenge to the "Church Plan" status of the Plans. In connection with the Released Claim(s), as of the Effective Date of this Settlement Agreement, each member of the Settlement Class is deemed to have waived any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code relinquishes, to the fullest extent permitted by law and equity, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor and any and all provisions, rights and benefits of any similar statute, law or principle or common law of the United States, any state thereof, or any other jurisdiction.

18. Released Claims are not intended to include the release of any of the following: (1) Any rights or duties arising out of the Settlement Agreement, including the express warranties and covenants in the Settlement Agreement; (2) Individual claims for benefits pursuant to the terms of the Plans' documents; (3) Should the Roman Catholic Church ever disassociate itself from a Plan's

9

sponsor, as that term is defined in the respective plan documents, any claim arising under ERISA with respect to any event occurring after such action by the Roman Catholic Church; and (4) Any claim arising under ERISA with respect to any event occurring after the Internal Revenue Service issues a written ruling that a Plan does not qualify as a Church Plan; the United States Supreme Court holds that Church Plans must be established by a church or a convention or association of churches; or an amendment to ERISA is enacted and becomes effective as a law of the United States specifying that a Church Plan must be established by a church or a convention or association of churches.

19. The Court retains jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

20. The Court finds that no reason exists for delay in ordering final judgment, and the Clerk is hereby directed to enter this Judgment forthwith.

SO ORDERED.

s/Avern Cohn
AVERN COHN
United States District Judge

Dated: September 17, 2015
Detroit, Michigan