UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | |
|---|---|
| ARLENE HODGES, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil No. 1:16-cv-01079-RDB |
| BON SECOURS HEALTH SYSTEM, INC., et al., | ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFFS' REPLY IN SUPPORT
OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF SETTLEMENT AGREEMENT, ATTORNEYS' FEES
AND EXPENSES, AND INCENTIVE AWARDS TO NAMED PLAINTIFFS**

Plaintiffs Arlene Hodges, Carolyn Miller, and Gary Brown respectfully submit this reply memorandum in support of their Unopposed Motion for Final Approval of Settlement Agreement and Certification of Settlement Class ("Final Approval Motion"), ECF No. 112, and Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Reimbursement of Expenses and for Incentive Awards to Named Plaintiffs ("Fee Petition"), ECF No. 113.  The Settlement provides material benefits to a Class of over 27,000 people, and the lack of substantive objections demonstrates the fairness and reasonableness of the Settlement, as well as the reasonableness of the requested attorneys' fees, expenses, and incentive awards for the Named Plaintiffs.

**I.      DISCUSSION**

      A.      <u>Out of a Class of Over 27,000 Members, Only One Person Sent a Letter
          Commenting On the Settlement</u>

Class Counsel went to great lengths to notify Class members of the Settlement and inform them of the applicable provisions.  These efforts were extremely successful: out of a Settlement Class of over 27,000 Members, Class Counsel has not received a single substantive

objection to the Settlement.  Indeed, the response from Class members has been overwhelmingly positive, which heavily weighs in favor of approval of the Settlement.

Pursuant to the Order Preliminarily Approving the Settlement, Certifying the Class, Approving Notice to the Class, and Scheduling Final Approval Hearing, ECF No. 107, Bon Secours Health System Inc. (through a mailing service) mailed the Class Notice to 27,940 Settlement Class members on September 8, 2017.  *See* UFF Affidavit ("Aff.") ¶ 6, ECF No. 112-15.  On September 11, 2017, Class Counsel posted the Class Notice on the website[1] identified in the Notice.  *See* Declaration of Karen Handorf in Support of Plaintiffs' Reply ("Handorf Decl.") ¶ 5.  On October 13, 2017, Plaintiffs filed their Final Approval Motion and Fee Petition, and later posted both documents with accompanying memoranda and exhibits on the Settlement website.  Handorf Decl. ¶ 6.  The Preliminary Approval Order required that any objections to the Settlement or Fee Petition be filed by October 31, 2017.  ECF No. 107 ¶ 6.

As of the date of this filing, Class Counsel has received and responded to approximately 135 phone, mail and e-mail inquiries from Settlement Class members, and received over 500 hits on the Settlement website.  Handorf Decl. ¶¶ 7–8.  Most of the inquiries were calls to seek additional clarification regarding the Settlement's terms and relief.  Handorf Decl. ¶ 9. Additionally, many of the Class members who contacted Class Counsel expressed satisfaction with the Settlement and appreciation for Plaintiffs' and Class Counsel's efforts to protect their pension benefits.  Handorf Decl. ¶ 10.

Out of the 27,940 Settlement Class members who received the Class Notice and the 135 people with whom Class Counsel have communicated, only one Class member has submitted correspondence commenting on the Settlement.  Handorf Decl. ¶ 11.  The letter was filed with

---

[1] The website designated for the Settlement is available at www.cohenmilstein.com/bon-secours-settlement.

the Court but not mailed to Class Counsel as directed by the Notice. *See* ECF No. 114; Handorf Decl. ¶ 11.

The letter, written by Shelley Wayne Hall, does not express an objection to final approval of the Settlement. Handorf Decl. ¶ 11. Class Counsel reached out to Mr. Hall, a Class member in Group A, on October 31, 2017 and spoke with him on the phone concerning his letter on November 1, 2017. Handorf Decl. ¶ 12. Based on Mr. Hall's letter and Class Counsel's conversations with Mr. Hall, Class Counsel understands that Mr. Hall is concerned about an individual claim for benefits. *Id.*; *see also* ECF No. 114.

In discussion with Mr. Hall, Class Counsel explained in detail the provisions of the Settlement and described the benefits flowing to the members of Group A. Class Counsel emphasized that the $98 million Settlement contribution to the Plans will increase the retirement security of all Group A members, but that Group A members would not receive an increase in their accrued pension benefits. Handorf Decl. ¶ 13. Class Counsel informed Mr. Hall that to the extent he believed he had an individual claim for benefits, his claim was not released by this Settlement and he would be able to pursue it separately. *Id.* Class Counsel also informed Mr. Hall that the Settlement would not relate to his claim for benefits and that Class Counsel was not his attorney for any benefits claim that he might have. *Id.*

Mr. Hall told Class Counsel that he understood and that he had previously spoken with an attorney about his claim for benefits. Handorf Decl. ¶ 14. He stated that he would give the Class Notice to his attorney and have his attorney contact Class Counsel. *Id.*

Class Counsel contacted Mr. Hall again on November 9, 2017. Handorf Decl. ¶ 15. Mr. Hall stated that he understood the relevant terms of the Settlement from his prior conversation

with Class Counsel. *Id.* He also represented that he had no objection to the Settlement and that he no longer planned to attend the Fairness Hearing. *Id.*

From the substance of Mr. Hall's letter and conversations with Class Counsel, it is apparent that Mr. Hall does not object to the substantive terms of the Settlement. His concerns relate to a potential individual claim for benefits, which would not be waived or otherwise resolved by this Settlement. The Settlement will benefit Mr. Hall in the form of increased retirement security, and will provide him with additional disclosures concerning the amount of his benefit and the Plan terms that govern his benefit. Class Counsel submits that this Settlement is in the best interests of the Settlement Class, including Mr. Hall, and should be finally approved.

B. The Requested Attorneys' Fees, Expenses and Incentive Awards for the Named Plaintiffs

In Plaintiffs' Fee Petition, ECF No. 113, Plaintiffs stated that if approved by the Court, Defendants would pay up to $3.5 million total for attorneys' fees, reimbursement of expenses to Class Counsel, and potential Incentive Awards to the Named Plaintiffs. ECF No. 113-1 at 2; *see also* Settlement Agreement § 7.1.4. This amount, if awarded, will in no way reduce the benefits to the Settlement Class. Settlement Agreement § 7.1.4.

1. Class Counsel's Efforts Since Filing the Fee Motion

The Fee Petition reported the lodestar incurred by counsel as of October 12, 2017. ECF No. 113-1 at 16; Declaration of Karen Handorf in Support of Fee Petition ¶ 48 (reporting lodestar as of October 12, 2017). Since that date, Class Counsel has expended over 65.25 additional hours of attorney and professional time preparing pleadings in support of Final Approval and the Fee Petition, responding to inquiries from the Settlement Class, and addressing correspondence filed with the Court. Handorf Decl. ¶ 16. The additional 65.25 hours of time

4

corresponds to a lodestar of $25,718.75. Adding this amount to the lodestar of $1,898,930.50 reported in the Fee Petition yields a total lodestar of $1,924,649.25. *Id.*; ECF No. 113-1 at 16. As a result, the attorneys' fee award of $3.5 million that Class Counsel seeks represents an even smaller multiplier than previously stated —1.79 times lodestar expended as of November 20, 2017 versus 1.81 times lodestar as of October 12, 2017.

Between filing the Final Approval Motion and Fee Petition on October 13, 2017 and today, Class Counsel have devoted additional time and resources to responding to inquiries from 23 more members of the Settlement Class (bringing the total number of communications to 135). Handorf Decl. ¶ 7. The inquiries varied in complexity—some were handled relatively quickly, but other Settlement Class members sought detailed information about the case, about their particular pension benefits under the Plans, and about church plan litigation generally. Handorf Decl. ¶ 9. Class Counsel responded to each of these inquiries in a manner that would address all concerns of each inquiring Class Member. *Id.*

Moreover, Class Counsel has spent significant time responding to the concerns of Mr. Hall, who filed a letter with this Court. Class Counsel contacted him by phone twice and prepared this response to his letter. Handorf Decl. ¶¶ 12–14. Thus, in addition to the 65.25 hours spent after October 12, 2017, Class Counsel have spent and will spend many more hours throughout October and November 2017 responding to other class member inquiries, preparing this Reply, and preparing for the Fairness Hearing.

2. <u>No Objections to the Attorneys' Fee Requests</u>

Not a single Settlement Class member has objected to the fee and expense request. Handorf Decl. ¶ 17. This is noteworthy, given the large Settlement Class of over 27,000 people. Furthermore, the award of $3.5 million in attorneys' fees, which was based upon a neutral mediator's proposal, amounts to a more modest 1.79 multiplier than reported in the Fee Petition

as a result of Class Counsel's expenditure of additional time responding to Class member inquiries since the filing of the Final Approval Motion and Fee Petition. Handorf Decl. ¶ 16; *see also Decohen v.Abbasi, LLC*, 299 F.R.D. 469, 483 (D. Md. 2014) ("Courts have generally held that lodestar multipliers falling between 2 and 4.5 demonstrate a reasonable attorney's fee") (citation and internal quotation omitted). The lack of objections and the reasonableness of the request all weigh in favor of approval. *Id.* at 481 ("[T]he absence of objections by the class to the settlement indicate[s] that class counsel have achieved a superior result for the class and weighs in favor of their requested award."); *see also Berry v. Schulman*, 807 F.3d 600, 619 (4th Cir. 2015), *cert. denied sub nom. Schulman v. LexisNexis Risk & Info Analytics Grp., Inc.*, 137 S. Ct. 77 (2016) (affirming award of attorneys' fees where an "almost complete lack of objection to the fee request provides additional support for the district court's decision to approve" requested fees).

        3.        <u>No Objections to the Requested Incentive Award for the Named Plaintiffs</u>

Like the requested attorneys' fees and expenses, no Class members have objected to the Incentive Awards for the Named Plaintiffs. Handorf Decl. ¶ 18. Without these Plaintiffs stepping forward, this litigation would not have happened, and the Settlement Class would have received *nothing*. Plaintiffs have been involved with this litigation since its inception and have provided support by investigating and collecting information, reviewing pleadings, monitoring developments in other cases, and participating in mediation and settlement discussions. Plaintiffs provided a valuable service to a huge class of people and invested significant time and energy to participate in and support the litigation. Plaintiffs should be compensated for the assistance they provided in order to achieve the Settlement of $98.3 million, which benefits thousands of participants and beneficiaries of the Plans.

**II.    CONCLUSION**

For the foregoing reasons and those previously set forth by Class Counsel, the Settlement should be approved, and Class Counsel's request for attorney's fees and expenses and Incentive Awards to the Named Plaintiffs granted.

Dated: November 21, 2017

Respectfully submitted,

COHEN MILSTEIN SELLERS & TOLL PLLC

/s/ Julia Horwitz
Julia Horwitz (MD Bar # 19841)
Karen L. Handorf (admitted *pro hac vice*)
Mary J. Bortscheller (admitted *pro hac vice*)
Jamie Bowers (admitted *pro hac vice*)
1100 New York Avenue, N.W.
Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
Email: jhorwitz@cohenmilstein.com
khandorf@cohenmilstein.com
mbortscheller@cohenmilstein.com
jbowers@cohenmilstein.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on November 21, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                  s/ Julia Horwitz
                                  Julia Horwitz