## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (BALTIMORE DIVISION)

ARLENE HODGES, et al.,

        Plaintiffs,

    v.

BON SECOURS HEALTH SYSTEM, INC., et al.,

        Defendants.

Civil No. 1:16-cv-01079-RDB

## DECLARATION OF KAREN L. HANDORF
## IN SUPPORT OF PLAINTIFFS' REPLY IN
## SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR
## FINAL APPROVAL OF SETTLEMENT AGREEMENT, ATTORNEYS'
## FEES AND EXPENSES, AND INCENTIVE AWARDS TO NAMED PLAINTIFFS

     Pursuant to 28 U.S.C. § 1746, I, Karen L. Handorf, declare as follows:

     1.     I am a Partner at Cohen Milstein Sellers & Toll, PLLC, the firm preliminarily approved as Class Counsel for Arlene Hodges, Carolyn Miller, and Gary Brown ("Named Plaintiffs"), by the Court, ECF No. 107.  I am also one of the attorneys personally involved in the litigation of this action and responsible for its prosecution.  I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently thereto.

     2.     Class Counsel has been primarily responsible for the prosecution of this action and negotiation of the Settlement Agreement.

     3.     The Settlement Agreement was preliminarily approved by the Court on July 10, 2017 ("Preliminary Approval Order"), ECF No. 107.

     4.     Pursuant to the Preliminary Approval Order, Class Notice was mailed on September 8, 2017, to 27,940 current and former Plan participants.  *See* UFF Affidavit ("UFF Aff.") ¶ 6, ECF No. 112-15.

2290112.1

5.      By the deadline set forth in the Preliminary Approval Order (September 11, 2017), Class Counsel also posted the Settlement Agreement, the Class Notice, the preliminary approval motion and order, and other case documents on the website identified in the Class Notice: www.cohenmilstein.com/bon-secours-settlement.

6.      On October 13, 2017, Plaintiffs filed their Unopposed Motion for Final Approval of Settlement Agreement and Certification of Settlement Class ("Final Approval Motion"), ECF No. 112, and Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Reimbursement of Expenses and for Incentive Awards to Named Plaintiffs ("Fee Petition"), ECF No. 113.  The Final Approval Motion and Fee Petition (with accompanying documents and memoranda) are available on the Settlement website.

7.      Since September 8, 2017, when Class Notices were mailed out and posted on the website identified in the Class Notice, Class Counsel have received and responded to approximately 135 phone, mail, and e-mail inquiries from Settlement Class members. Of this amount, Class Counsel received and responded to roughly 23 inquiries in the period from the filing of the Final Approval Motion on October 13, 2017, to present.

8.      Since September 11, 2017, the website identified in the Class Notice has recorded 503 visitor sessions.

9.      Most of the inquiries that Class Counsel has received to date have been requests for additional clarification of the Settlement's terms and relief. The inquiries varied in complexity—some were handled relatively quickly, but other Settlement Class members sought detailed information about the case, about their particular pension benefits under the Plans, and about church plan litigation generally.  Class Counsel responded to each of these inquiries in a manner that would address all concerns of each inquiring Class Member.

10.      Many class members who contacted Class Counsel during the notice period expressed satisfaction with the Settlement and gratitude for Plaintiffs' and Class Counsel's efforts to protect their pension benefits.

2290112.1

11.     Only one individual has submitted a letter commenting on the Settlement: Mr. Shelley Wayne Hall.  Mr. Hall filed his letter with the Clerk of Court but did not mail it to Class Counsel as directed by the Notice. Mr. Hall's letter does not express an objection to final approval of the Settlement.

12.     Class Counsel called Mr. Hall on October 31, 2017, but did not speak with him on the phone concerning his letter until November 1, 2017.  Based on the contents of Mr. Hall's letter and the phone conversation, Class Counsel understood that Mr. Hall, a Class member in Group A, was concerned about an individual claim for pension benefits.

13.     On the phone, Class Counsel explained in detail the provisions of the Settlement and the benefits flowing to the members of Group A, emphasizing that Bon Secours' contributions to the Plans will increase the retirement security of all Group A members, but that Group A members would not receive an increase in their accrued pension benefits. Class Counsel informed Mr. Hall that to the extent he believed he had an individual claim for benefits, his claim was not released by this Settlement and he would be able to pursue it separately.  Class Counsel also informed Mr. Hall that the Settlement would not relate to his claim for benefits and that Class Counsel was not his attorney for any benefits claim that he might have.

14.     Mr. Hall told Class Counsel that he understood and that he had previously spoken with an attorney about his claim for benefits.  He stated that he would give the Class Notice to his attorney and have his attorney contact Class Counsel.

15.     Class Counsel contacted Mr. Hall again on November 9, 2017.  Mr. Hall stated that he understood the relevant terms of the Settlement from his prior conversation with Class Counsel.  He also represented that he had no objection to the Settlement and that he no longer planned to attend the Fairness Hearing.

16.     Class Counsel has expended over 65.25 hours of attorney and professional time after October 12, 2017 preparing the pleadings in support of Final Approval and the Motion for Fees; responding to inquiries from the Settlement Class; and addressing Mr. Hall's concerns

described above. This additional 65.25 hours of time corresponds to a lodestar of $25,718.75. Adding this amount to the lodestar of $1,898,930.50 reported in the Fee Petition yields a total lodestar of $1,924,649.25.

17.     No Settlement Class member has objected to Plaintiffs' request for attorneys' fees and expenses.

18.     No Settlement Class member has objected to the Incentive Awards requested for the Named Plaintiffs. These Plaintiffs have been actively involved in this litigation since the very beginning and are up-to-date on the status of the Settlement proceedings.

19.     The significant time, energy, and assistance that Plaintiffs and Class Counsel, devoted to this case resulted in an excellent Settlement that will provide material benefits to a large class.

20.     In addition to the Settlement Class members, the state Attorneys General and the United States Attorney General also received notice of the proposed Settlement pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. *See* Declaration of Sarah Adams ¶¶ 2–5, ECF No. 112-14. However, none of these governmental agents have filed an objection to this Settlement as of this date. *Id*. ¶ 6.

21.     Plaintiffs and Class Counsel believe that this Settlement is fair, reasonable, and in the best interests of the Settlement Class. Named Plaintiffs and Class Counsel are pleased to present this Settlement to the Court for its consideration, and believe strongly that it should be approved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of November, 2017.

COHEN MILSTEIN SELLERS & TOLL PLLC

By: _____

4

2290112.1

Karen Handorf, Pro Hac Vice
1100 New York Avenue, N.W.
Suite 500
Washington, D.C.  20005
Tel: (202) 408-4600
Fax: (202) 408-4699
Email: khandorf@cohenmilstein.com

*Attorney for Plaintiffs*

5

2290112.1

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 21, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/Julia Horwitz
Julia Horwitz

2290112.1